### SCHERMERHORN *vs.* BUELL.

If a lessor *except* the trees on the demised premises, they do not pass with the land, and he can maintain trespass against the tenant if he cut them. *Per* BRONSON, C. J.

But a clause in a lease for years in these words: "All the timber in the southeast corner, of about five acres, suitable and proper for fuel, to be left and not cleared," is not an exception, but an *agreement* not to cut the timber referred to.

The language of an exception in a lease is considered that of the lessor, and is to be construed favorably for the lessee. *Per* BRONSON. C. J.

If a lessee cut trees which it is his duty, either by law or by his contract with the lessor, to preserve, he is liable to an action of waste, or case in the nature of waste; or, in the case of a contract, to an action on the contract. *Per* BRONSON, C. J.

He is also liable in trover for the wood which has been severed from the freehold. *Per* BRONSON, C. J.

And trespass may be maintained against him by the landlord for carrying away and converting the wood, after the trees had been cut.

Therefore, where a lessee for years had, by a clause in the lease not amounting to an exception, agreed to leave, and not to cut, certain trees, which agreement he violated by cutting the trees referred to and carrying them away during the term; *held*, that though trespass to the real estate could not be brought for the act of cutting down the trees because the defendant was in possession, yet that the landlord might maintain trespass *de bonis asportatis* against the tenant for carrying away the wood after it had been severed from the freehold.

By cutting down the trees the lessee put an end to his interest in them; and the general property which the lessor had in them before the lease, attached to and became absolute in them as chattels. *Per* BRONSON, C. J.

ERROR to Genesee C. P. Schermerhorn sued Buell in the court below, and declared in trespass. One count was for cutting and carrying away trees; and one count was simply for taking and carrying away. The case was as follows: On the 24th of May, 1837, the plaintiff by a lease, not under seal, demised to the defendant a lot of land containing 96 acres, for the term of six years commencing on the 1st of November following, for the yearly rent of $150, which rent the defendant agreed to pay, with all taxes, &c. The lease contained a clause as follows: "All of the timber in the southeast corner, of about five acres, suitable and proper for fuel, *to be left and not cleared*." The lot was wild and uncultivated at the date of the lease. It was called "oak openings." The defendant

Schermerhorn *v.* Buell.

entered, and cleared and cultivated most of the land: and on the five acres in the southeast corner of the lot he cut some trees which were suitable and proper for fuel and carried away the timber. For that wrong this action was brought. The suit was commenced before the term granted by the lease had expired, and while the defendant was in possession. The court below held that the plaintiff could not maintain trespass, and directed the jury to find a verdict for the defendant, which they did, and judgment was rendered in his favor. The plaintiff brings error on a bill of exceptions.

*J. D. Merrill,* for the plaintiff in error, cited 8 *East,* 190 ; 9 *John.* 376 ; 1 *Chit. Pl.* 50, 160 ; 1 *Saund.* 322, *and note ;* 7 *T. R.* 13 ; 4 *Taunt.* 316 ; 1 *Ld. Raym.* 552 ; 20 *Vin. Abr.* 415 *to* 416.

*D. H. Chandler,* for the defendant in error, cited *Cro. Car.* 242 ; 1 *Chit. Plead.* 71, 186, 197, 200 ; 4 *T. R.* 489 ; 7 *id.* 9 ; *Com. Dig. Biens* (*H.*) ; 5 *B. & C.* 842 ; 8 *Cowen,* 115 ; 1 *John.* 512 ; 3 *id.* 468.

*By the Court,* BRONSON, Ch. J. When the lessor excepts the trees on the demised premises, they do not pass with the land, and he may enter, cut and carry them away; and he can maintain trespass against the tenant, if he cuts them. (1 *Saund.* 322, *n.* 5 ; 1 *Ld. Raym.* 551, 552 ; *Cro. Eliz.* 17, 18 ; *Vin. Abr. Trees,* (*A.*) *pl.* 6 ; *Bac. Abr. Trespass,* (*C.*) 3 ; *Bullen* v. *Denning,* 5 *Barn. & Cress.* 842.) But in this case, I am not able to see that the trees were excepted. When there is any doubt about the meaning of an exception in a lease, the words, being considered those of the lessor, are construed favorably for the lessee. (*Bullen* v. *Denning,* 5 *Barn. & Cress.* 842 ; *Cardigan* v. *Armitage,* 2 *id.* 197.) The clause in this lease in relation to the timber on the five acres in the southeast corner of the lot is not even in the form of an exception; and nothing more can be made of it than an agreement between the parties that the timber on the five acres should " be

left, and not cleared," or cut off. The defendant is bound by the agreement, and must answer for breaking it; but it does not limit the extent of the grant. The whole lot, with all the timber upon it, passed by the demise. Without the clause, the law would have imposed the duty of preserving a portion of the timber; and it might have been proper to save it in different parts of the lot, and to an extent either greater or less than five acres in the whole, as the rules of good husbandry should decide. But the parties have settled that matter by contract, saying where and to what extent the timber should be preserved. The case then stands on the same principle as though there had been no such clause in the lease, and the law had decided that the timber on the five acres should not be cut. In either case, the interest in the trees, for all the purposes of shade and fruit, would pass with the land to the lessee; but the general property in the trees would remain in the lessor. And if the tenant improperly cut the timber, his interest in it is thereby determined; and the landlord may have an action of waste, an action on the case in the nature of waste, or an action on the contract, where there is one touching the subject, for the injury done to the land; or he may have an action of trover for the wood which has been severed from the freehold. (*Berry* v. *Heard, Cro. Car.* 242; *Palmer,* 327, *and W. Jones,* 255, *S. C.; Com. Dig. Biens,* (*H.) Trees; Vin. Abr. Maeresme,* (*A.) pl. 2,* 3; 1 *Chit. Pl.* 160, *ed. of* 1837.) The question here is, whether the landlord may not also have trespass for the carrying away and conversion of the wood after the trees had been cut. It was laid down long ago, and I do not find that the doctrine has ever been denied, that if lessee for years cuts down timber trees and lets them lie, and after carries them away, so that the taking and carrying away be not as one continued act, but that there be some time for the distinct property of a divided chattel to settle in the lessor, that an action of trespass *vi et armis* will lie against the lessee. (*Udal* v. *Udal, Aleyn,* 81; *Vin. Abr. Trees,* (*A.) pl.* 7; *and tit. Trespass,* (*S.) pl.* 10; 1 *Chit. Pl.* 206, *ed. of* 1837.) It is true, that trespass for an injury to real property which is occu-

pied at the time, can only be maintained by the person in actual possession. I cannot now call to mind more than two exceptions to this general rule. One, where the wrong is done by a tenant at will, in which case the injury amounts to a determination of the will and of his possession. The other exception is, where the wrong was done by a disseisor, and the disseisee afterwards regains the possession. In that case the disseisee is deemed in law to have had the possession from the beginning. (*Holmes* v. *Seely,* 19 *Wend.* 507; *Tobey* v. *Webster,* 3 *John.* 468; *Phillips* v. *Covert,* 7 *id.* 1; 3 *Black. Com.* 210.) But the point under consideration is not whether the lessor can maintain trespass against the lessee for an injury to the freehold; but whether he can have that action for carrying away and converting the trees after they have been wrongfully severed from the freehold. Upon the authorities already cited, the action may be supported; and, as I think, without violating any legal principle. The interest which the lessee had in the trees is determined by the wrongful act of cutting them down; and the general property which the lessor had before, subject to the rights of the lessee, has now become absolute. The trees have become mere personal chattels, and the lessor is the general owner, and entitled to immediate possession. He is in a condition to maintain trespass against any one who takes and carries away the property. It is said, that as the lessee is in the rightful possession of the land, the lessor has no right to enter upon it for the purpose of carrying away the trees after they have been cut down. That may be so; and the lessor may not be able to maintain trespass so long as the trees remain on the land. But the right to the possession of the chattel may be complete, although there may be no right to enter upon the land of another for the purpose of taking it. As the lesssor has the right, both of property and possession, in the trees, he may sue whenever they are carried away and converted to the use of another.

Whether the trees were cut at one time, and carried away at another, was, upon the evidence, a question for the jury.

Judgment reversed.