PETER WOHLER, Respondent, *v.* THE BUFFALO AND STATE LINE RAILROAD COMPANY, Appellant.

Where the owner of land in a village lays out streets through the same, divides the residue into village lots, causes a map of the same to be recorded in the county clerk's office, and conveys the lots bounded on such streets, if the same are not accepted by the proper authorities, or worked and used as public highways, they do not become such.

An action can be maintained by the owner of land for an entry thereon and ouster, but damages can only be recovered for the simple entry and ouster, and not for the continuation of the trespass. Those damages are only recoverable after the possession has been regained. (CHURCH, Ch. J., GROVER and ALLEN, JJ., concurring.)

(Argued February 1, 1871; decided September 11, 1871.)

M., the owner of certain real estate in Dunkirk, laid out streets through, divided the same into village lots, and caused a map to be made and recorded in the county clerk's office. He conveyed one lot to plaintiff, the southern boundary of which was "the center of East Third street," one of said streets. Said street was never opened or used. Defendant's track was built on the north half of the alleged street, and used and occupied for its purposes. Plaintiff brought trespass, and obtained a verdict at circuit, the judgment whereon was affirmed at General Term.

*J. Ganson,* for appellant.

*W. A. Barden,* for respondent.

GROVER, J., reads opinion for reversal and new trial.

CHURCH, Ch. J., and FOLGER, J., concur.

ALLEN, J., concurs in the decision, for error in the admission of evidence.

PECKHAM, RAPALLO, and ANDREWS, JJ., not voting.

Judgment reversed.