DAVID W. BRUCE AND OTHERS, TRUSTEES OF CATHARINE L. WOLFE, RESPONDENTS, *v.* URIAH WELCH, APPELLANT.

*Landlord and tenant — measure of damages for a breach, by the landlord, of a covenant to allow the tenant to remove mantels and grates.*

A tenant who, under the terms of his lease, is authorized to remove the marble mantels and grates in the demised premises, provided that he makes good the injury which may be done by such removal, being prevented from so doing, is entitled to recover, by way of damages for the breach of the agreement, the value of the particular mantels and grates as they stand in the building.

He is not limited in his recovery to such value as they would have had, after having been taken out of the building.

APPEAL from a judgment entered upon a verdict in favor of the plaintiffs, in the office of the clerk of the county of New York, on the 4th day of January, 1888, and from an order denying a motion for a new trial, entered in said office on the 6th day of February, 1888.

The action was brought to recover rent under a lease, for a breach of which a counter-claim was interposed; which lease provided, among other things, as follows: It is agreed that the said parties of the second part shall be allowed to remove the marble mantels and grates, provided the injury or damage which may be done by such removal shall be repaired and made good by them, the said parties of the second part.

*Charles E. Miller,* for the appellant.

*William Man,* for the respondents.

BARTLETT, J.:

I think the defendant was entitled to a broader measure of damages than was sanctioned by the trial judge in his rulings upon the evidence sought to be introduced to sustain the counter-claim. Under the covenant in the lease the defendant was to be allowed to remove the marble mantels and grates, provided that he made good the injury which might be done by such removal; and, by way of counter-claim against the demand of the plaintiffs for the rent of the premises, he averred that when he wished and attempted to remove the mantels and grates, both before and also immediately after the expiration of the lease, his landlords prevented him from

so doing, and have continued to keep such mantels and grates and use them. In the briefs of counsel there is some discussion as to whether any right of removal on the part of the tenant existed after the term expired, but it is unnecessary to pass upon this question, as there is no proof of any effort to take away the property subsequent to the expiration of the lease. In proving his damages, by reason of the unlawful detention of the mantels and grates, the defendant was limited to evidence of their value after being taken out of the hotel property and removed therefrom. He sought to show, by a witness familiar with the value of such property, what was the value of these particular mantels, as they stood in the hotel and were used by the proprietors of the building, but the question put for this purpose was excluded. The trial judge was also requested to charge the jury that the defendant was entitled, under his counter-claim, to recover the value of the mantels to the plaintiffs as used by them, but he refused to give the desired instruction. An exception was duly taken to the ruling of the court in each instance, and these exceptions present the principal question in the case.

Good morals certainly forbid that a man should be allowed to derive benefit from a violation of his obligations to others. Does the law permit a wrong-doer to retain to himself advantages thus gained as against the person whom he has wronged? I think not. There are cases in which indemnity to the injured party is not the full measure of the damages which he may be entitled to recover, and it seems to me that this is a case of that character. The mantels, as they were left in the hotel, unmoved, might well be worth twice as much as they would have been if detached from the property and turned over to the defendant; and in that case, if the damage recoverable by the tenant for being deprived of them were limited to their value after removal, the landlord would make a profit by keeping them in violation of his covenant. A rule for the ascertainment of damages which would permit such a result should not be approved unless sustained by some authority which we feel bound to follow. Instead of being thus supported, a rule more in consonance with natural justice has been enunciated as applicable to such a state of facts as this case presents. In the well-known and very able opinion of DUER, J., in the case of *Suydam* v. *Jenkins* (3 Sandf., 614), that

learned judge says : " Setting aside the exceptional cases in which exemplary damages may be justly claimed and given, and confining ourselves to those in which the remedy sought is simply pecuniary, the principles which, as it seems to us, are manifestly just and universal in their application, are that the owner, to whom compensation is due, must be fully indemnified, *and that the wrong-doer must not be permitted to derive any benefit or advantage whatever from his wrongful act."* The latter proposition is reasserted in different forms in the course of the opinion, and its correctness illustrated by various examples. " If goods uninsured should, by force or fraud, be removed from a warehouse, which immediately thereafter is consumed by fire, as they must have perished had they remained, it is certain that the owner sustains no loss by the removal ; yet none can suppose that, in an action against the wrong-doer, the fact could be given in evidence to bar a recovery, or that the recovery could be for a sum less than the value of the goods when removed. Here, although the judgment in its whole amount is a positive gain to the owner, yet it imposes no penalty in the form of exemplary damages upon the wrong-doer. It merely compels him to pay for that which he had no right to appropriate, and thus prevents him from deriving any benefit from his wrongful act." And so in the case at bar, to compel the plaintiffs to pay what the mantels are worth to them does not impose upon them any damages by way of punishment, but merely forces them to give an equivalent for what they have unlawfully retained from the defendant, and precludes them from making any profit out of their own wrong.

As the jury might have allowed the defendant a large sum by way of counter-claim, and reduced the plaintiffs' recovery proportionately, if the correct rule as to the measure of damages had been applied, the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment reversed and new trial granted, with costs to the appellant to abide the event.