party asking for it may be in a situation to present it to the court at that stage of the trial when it shall be necessary.

The order made by the court below was correct, and must be affirmed, with $10 costs and disbursements. All concur.

(22 App. Div. 526.)

SPRAGUE NAT. BANK v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department. November 30, 1897.)

1. LEASE—ACTION ON COVENANTS—WHEN MAINTAINABLE.
    Where an owner of real property first mortgages it to one person, and subsequently leases it to another, no privity either of contract or estate exists between the lessee and one who purchases the property at a sale on foreclosure of the mortgage, and neither of them can maintain any action against the other upon the covenants of the lease.

2. TRESPASS—ENTRY ON LEASED PREMISES.
    Where a stranger to a lease forcibly enters upon and takes possession of the demised premises, without any lawful right, the disseisee before re-entry is entitled, by the common law, to recover damages only for the first entry or trespass; and, to permit a recovery for any continuance thereof, the plaintiff must have re-entered and regained possession.

3. RIGHTS OF TENANT—FORECLOSURE—IMPROVEMENTS.
    Where a lessee of land, whose interest is subordinate to a mortgage antedating the lease, erects buildings thereon for the purposes of trade and business, he is entitled, as against a purchaser of the premises at a sale on foreclosure of the mortgage, to remove the same, and a denial of the right by the purchaser gives the lessee a cause of action for damages.

Appeal from special term.

Action by the Sprague National Bank against the Erie Railroad Company. From a judgment entered on a verdict of a jury, and from an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

F. B. Jennings and Howard Van Sinderen, for appellant.
Almet F. Jenks and Edward M. Grout, for respondent.

BRADLEY, J. It is assumed that the covenant for quiet enjoyment in the lease made by the trustee of the New York, Lake Erie & Western Railroad Company to Brown & Canfield would have run with the land, and be available against a grantee of the reversion, and that the plaintiff acquired all the rights taken by the lessees by virtue of the lease. The defendant, however, has not the relation of a grantee of the reversion. It derived its title from the sale on foreclosure of a mortgage made by the New York, Lake Erie & Western Railroad Company prior to the lease, and the purchaser on such sale took title as of the date of the mortgage. By the foreclosure and sale the equity of redemption of the mortgagor was cut off, and thus the defeasance taken from the mortgagor as of the time the lien of it was created. Rector, etc., of Christ Protestant Episcopal Church v. Mack, 93 N. Y. 488; Batterman v. Albright, 122 N. Y. 484, 25 N. E. 856. It necessarily follows that, as no privity of contract or estate existed between the mortgagee and lessee, none, as between the lessee and the purchaser, resulted from the purchase

48 N.Y.S.—5

and the master's deed, thereupon made, to support any action by either against the other upon the covenants in the lease, in any event. McKircher v. Hawley, 16 Johns. 289. At common law, the lease for years was only personal property. 2 Kent, Comm. 342. And, although still a chattel real, it is, in this state, pursuant to statute, an estate in land. 1 Rev. St. p. 722, §§ 1, 5. Assuming that by the law of the state of New Jersey, in which the premises are situated, the failure to make the lessees parties to the foreclosure action left their interest under the lease, for all purposes, undisturbed by the decree in foreclosure, and sale and conveyance pursuant to it, and that, as the consequence, the defendant, without any lawful right, forcibly entered upon and took possession of the demised premises, it does not follow that the plaintiff is entitled in this action to recover as damages the value of the unexpired term of the lease. In its application to such ouster the doctrine of the common law, as it has existed from an early day, is that the disseisee before re-entry is entitled to recover damages only for the first entry or trespass, and that, to permit a recovery of damages for any act or continuance of the trespass of the disseisin, the plaintiff must have re-entered and regained possession. 3 Bl. Comm. 210; Case v. Shepherd, 2 Johns. Cas. 27; Holmes v. Seely, 19 Wend. 507; Wohler v. Railroad Co., 46 N. Y. 686; Stockwell v. Phelps, 34 N. Y. 363; Welch v. Winterburn, 25 Hun, 437. And on such re-entry the disseisee is, in law, deemed to have had the possession during the time intermediate his disseisin and re-entry. Dewey v. Osborn, 4 Cow. 329. The reason of the rule is that the remedy is for trespass, and, in a case of that nature, possession, actual or constructive, is essential to the support of the action. If the party seeking relief in such case cannot regain possession by means of summary proceedings under the statute, he must resort to his action of ejectment, where his right of re-entry may be established. I do not see my way clear to adopt as tenable the suggestion that the defendant, by the exercise of dominion over the land, became charged with the obligation to observe the covenants of the lease, and, as the consequence, its acts of dominion constituted a breach of the covenant by the defendant. This would have been the situation if the lease had been made prior to the mortgage. Then, as against the purchaser on the foreclosure sale, the covenant of quiet enjoyment in the lease would have run with the land, and the relation of the defendant would have become that of the lessor, in such sense as to be chargeable for a breach of such covenant. Buck v. Binninger, 3 Barb. 391; Denman v. Misner, 40 Barb. 213; Pardee v. Steward, 37 Hun, 259. But, as has been observed, such were not the relative conditions. Although it took the title granted by the master's deed, the defendant was a stranger to the lease and its covenants; and, for the purposes of the remedy, I think the defendant must be so treated. It would seem quite remarkable to attempt to charge a stranger with the value of a term of 50 years for a wrongful entry upon premises, and ouster of a tenant of an estate for that length of term. It seems clear that he would not by his wrongful entry have made himself a party to the lease, in such sense as to charge

him with liability upon its covenants. The views here expressed relate to the claim to recover the value of the unexpired term, which could be supported only by liability of the defendant upon the covenant of the lease.

So far as relates to the buildings put upon the premises by the lessees for the purposes of trade and business, a different question is presented. They were not within the grant of the mortgage. And the denial by the defendant of the right of the plaintiff to remove them was properly the subject of action for the recovery of damages. Schermerhorn v. Buell, 4 Den. 422; Bruce v. Welch, 52 Hun, 524, 5 N. Y. Supp. 668.

These views lead to the conclusion that the judgment and order should be reversed, and new trial granted; costs to abide the event. All concur.