(21 App. Div. 518.)

### SHEFFIELD et al. v. COOPER.

(Supreme Court, Appellate Division, First Department.   November 5, 1897.)

1. INJUNCTION—VIOLATION—CONTEMPT.
   Where the granting of an injunction is within the jurisdiction of the court, it is the duty of the defendant, even though it is erroneous, to obey it, until revoked; and for a violation of it he is liable to punishment for contempt.

2. SAME—APPEARANCE—WAIVER.
   If, upon a motion to continue an injunction, the party enjoined appears by counsel, and submits an affidavit therein, any defect in the service of the original injunction order is thereby cured or waived.

3. SAME—PUNISHMENT FOR VIOLATION.
   Upon the granting of a motion to punish a defendant for contempt in violating an injunction order, the amount of the fine imposed is properly fixed at the sum in which his misconduct was calculated to and has actually defeated and prejudiced the rights and remedies of the plaintiff in the action, to his actual loss and injury.

Appeal from special term.

Action by Archibald Sheffield and others against Henry H. Cooper and others. From an order adjudging defendant Cooper guilty of contempt in disobeying an injunction to continue during the pendency of the action, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

T. M. Tyng, for appellant.
Henry B. Twombly, for respondents.

WILLIAMS, J. The plaintiffs sold and delivered to the defendants Mitchell & Cooper a quantity of teas, at the agreed price of $2,052.-37, and took a promissory note therefor, dated January 29, 1897, payable in 30 days. The note was not paid at maturity. Just prior to the maturity of this note, the defendant Mitchell & Cooper Company, a corporation, was organized, and Mitchell & Cooper transferred to the corporation all their property. The teas in question were, in part, at least, sold to the United States government, and the purchase price had not been paid when this action was brought. The action was to set aside the transfer by Mitchell & Cooper to the cor-

poration of the teas, and such moneys as should remain unpaid by the United States government for the teas sold to it, as fraudulent and void, and to recover the teas and the claims against the United States government for moneys owing and unpaid for teas so sold to it by the defendants, or either of them. The injunction order enjoined and restrained all the defendants, and the officers and employés of the corporation, from taking possession of the teas in the possession of the United States government, and from parting with the possession of any of the teas which they had, and from taking or receiving any moneys from the United States government in payment for the teas sold, etc. This order was made March 16, 1897, and was served upon the defendant Cooper the same day. A motion to continue the injunction was made March 27, 1897, and the defendant Cooper appeared therein by counsel, and submitted an affidavit; and an order was entered April 13, 1897, continuing the injunction, which had remained in force all the time since it was made, March 16, 1897. On the 5th of April, in violation of this injunction, the defendant Cooper collected and received from the United States government $1,556.03, in part payment for the teas in question, and receipted for the money in the name of Mitchell & Cooper. When called upon by the receiver appointed in the action, the defendant Cooper said that neither of the defendants had any of the teas, and that they had used the proceeds in their business prior to the service of the injunction order. The motion to punish the defendants for this contempt was made June 14, 1897. Upon this motion the defendants Mitchell and Cooper appeared by counsel, and submitted affidavits wherein it was shown that Mitchell was president, and Cooper was secretary and treasurer, of the defendant corporation; that Mitchell had little to do with the business, and knew nothing about the purchase of the teas, or the sale thereof to the United States government, and, especially, that he knew nothing about the collection of the $1,556.03 from the United States government; and that Cooper was the active manager of the business of the defendants and of the defendant corporation. In Cooper's affidavit, he testified that he received the $1,-556.03, April 5, 1897, as treasurer of the corporation, but receipted for the same in the name of Mitchell & Cooper, because they were the parties who made the contract of sale with the United States government, that the money went into the treasury of the corporation, and that a portion of the tea sold to the United States government was doubtless some of that mentioned in the complaint in this action. He did not deny that the money received by him was (the whole of it) received in payment for the teas which had been purchased by the defendants from plaintiffs. Upon this state of facts, the court very properly adjudged the defendant Cooper guilty of contempt in violating the injunction order. The defendant seems to have had no defense upon the merits to the application to punish him for contempt. The injunction order had been made and served upon him. It was too plain in its terms to be misunderstood. The defendant, nevertheless, deliberately and willfully violated it, and collected the sum of $1,556.03 from the United States government, and used it up,

so that the plaintiffs were deprived of any chance to secure the fund in this action, except through this proceeding. His counsel now contends that the plaintiffs had no cause of action, and could not recover this money, in any event. We think, however, that sufficient appeared by the complaint and affidavits upon which the injunction order was made to give the court jurisdiction to make the order, and this was all that was necessary. The court had jurisdiction of the defendants, and of the subject-matter of the action. There was not the absence of judicial authority to act in the premises, and it was therefore the duty of the defendants to obey the injunction order until it was revoked. People v. Van Buren, 136 N. Y. 252, 32 N. E. 775. For violation of the order, therefore, the defendant Cooper was liable to punishment. Any defect in the service of the original order was cured or waived by defendant Cooper's appearance by counsel upon the motion to continue it, and submitting an affidavit therein.

There can be no doubt that the misconduct of the defendant Cooper was calculated to, and actually did, defeat, impair, and prejudice the rights and remedies of the plaintiffs in the action, to their actual loss and injury in the sum of $1,556.03, besides the costs of the motion. The court therefore properly imposed a fine upon him of such amount, with $10 costs of the motion, and ordered a warrant of commitment to issue accordingly. Code Civ. Proc. §§ 2281, 2284. etc.

The order appealed from should be affirmed, with costs. All concur.