(21 App. Div. 579.)

### DAVIDSON v. WEED et al.

(Supreme Court, Appellate Division, First Department. November 5, 1897.)

FORECLOSURE OF MORTGAGE—REMOVAL OF LESSEE.
    Code Civ. Proc. § 1632, provides that judgment in foreclosure shall vest in the purchaser the estate only that would have vested in the mortgagee if the equity of redemption had been foreclosed. Section 1675 provides that, if a party who is bound by the judgment withholds possession, the court may require the sheriff to put in possession the person entitled to the same. *Held* not to give the court, on judgment in foreclosure, power to remove tenant in possession under a valid lease executed by the owner before the commencement of foreclosure proceedings, who was not a party to such action.

Appeal from special term.

Action by Phineas O. Davidson against Sarah B. Weed and another. From an order granting a motion to require the sheriff to

put plaintiff in possession of real estate, Helen Reddick, a tenant, appeals.  Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Thomas D. Adams, for appellant.
Henry Manne, for respondent.

INGRAHAM, J.  This action was brought to foreclose a mortgage upon real property in the city of New York.  A final judgment was entered, directing a sale of the premises by a referee.  In execution of this judgment, the property was sold to the plaintiff, who received the referee's deed.  It appears by the affidavit in opposition to this motion that under a written lease executed by the owner of the equity of redemption, whereby the premises described in the complaint were leased to the appellant for the term of two years from the 1st day of May, 1896, the appellant went into possession of said premises on the said 1st day of May, 1896, and, by virtue thereof, has ever since remained, and at the time of the granting of the order appealed from still remained, in possession of said premises.  A copy of the lease is annexed to the affidavit.  There is no evidence to show that this lease was not actually executed and delivered at the time of its date; nor is the allegation that this appellant was in actual possession of the premises from the 1st day of May, 1896, down to the granting of the order appealed from, denied.  This action to foreclose the mortgage was begun on the 25th of August, 1896, and the tenant then in possession of the said premises was not made a party to the action.  There is no allegation in the papers upon which this order was entered tending to show that this lease was not an actual, bona fide lease, made in good faith, and that the tenant was not actually in open and notorious possession of the property at and prior to the commencement of this action.  It is clear that the judgment in this action did not affect the tenant's interest in the property or right to possession.  She was not a party to the action, had no notice of its pendency or of the sale of the premises, and no judgment that could be entered could destroy her interest in the property.

By section 1632 of the Code of Civil Procedure it is provided that:

"A conveyance upon a sale, made pursuant to a final judgment, in an action to foreclose a mortgage upon real property, vests in the purchaser the same estate, only, that would have vested in the mortgagee, if the equity of redemption had been foreclosed.  Such a conveyance is as valid as if it were executed by the mortgagor and mortgagee, and is an entire bar against each of them, and against each party to the action who was duly summoned, and every person claiming from, through, or under a party, by title accruing after the filing of the notice of the pendency of the action."

In this case the appellant was not a party to the action, duly summoned, and her title accrued prior to the filing of the notice of the pendency of the action.  The conveyance of the referee, therefore, did not convey to the purchaser her interest in the property.

By section 1675 of the Code of Civil Procedure, under which this application was made, it is provided that:

"If a party, or his representative or successor, who is bound by the judgment, withholds possession from the person thus declared to be entitled thereto, the court, besides punishing the disobedience as a contempt, may, in its discretion, by order, require the sheriff to put that person into possession."

This provision only applies where a party to the action, or his representative or successor who is bound by the judgment, withholds possession. In this case the appellant was not a party to the action, nor was he a representative of or successor to a party who was bound by the judgment. We think, therefore, that the court had no power to remove the tenant, who was in possession of the property under a valid lease executed by the owner prior to the commencement of the foreclosure action, and who was not a party to such action.

The question as to whether or not the purchaser would be entitled to rent from the date of the execution of the referee's deed, or whether the payment to the former landlord would absolve the tenant from payment of rent to the purchaser, is not before us. The tenant was entitled to remain in possession of the property during the pendency of the lease, as that right to possession under the lease was not affected by the judgment of foreclosure and sale, or a conveyance under it.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.