(61 Misc. Rep. 96.)

## WACHT v. ERSKINE.

(Supreme Court, Appellate Term.   November 30, 1908.)

1. MORTGAGES (§ 497*)—RES JUDICATA—PARTIES AFFECTED.

Where a lessee holding under a lease executed after the property was mortgaged was not a party to a suit to foreclose the mortgage, his rights under the lease were not affected by the foreclosure.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1472; Dec. Dig. § 497.*]

2. LANDLORD AND TENANT (§ 224*)—RENT—ACTIONS—PERSONS WHO MAY SUE.

Where the deed to the purchaser on foreclosure to which proceeding the tenant was not a party conveyed the property subject to existing leases, and the tenant had never attorned to the purchaser, no privity of estate or contract existed between them, so that the purchaser could not maintain an action for rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 224.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Samuel Wacht against Albert R. Erskine. From a judgment for plaintiff, defendant appealed.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Earl Bryant Barnes, for appellant.
Arnstein & Levy, for respondent.

SEABURY, J.   This action is brought to recover rent for the months of March and April of 1908 for a certain apartment in the premises known as "Hawarden Hall," in the borough of Manhattan.   The plaintiff purchased the premises referred to under a judgment in foreclosure in an action which he brought to foreclose a certain mortgage executed by the defendant's lessor.   The lease, under which the defendant occupied the premises, was made subsequent to the execution of the mortgage which the plaintiff caused to be foreclosed.   The plaintiff secured a deed to the premises in question from the referee appointed in the action of foreclosure on March 3, 1908.   The deed conveys the premises to the plaintiff subject to a mortgage of $180,000 and "leases, if any, tenancies of the present occupants."   The defendant was not made a party to the foreclosure action, and the present action was commenced by the plaintiff after the delivery of the referee's deed to him.   Upon the trial the judgment in the action of foreclosure was not offered in evidence;   the plaintiff contenting himself with offering only the referee's deed.   As the defendant was not made a party to the foreclosure suit, his rights, under the lease, were not affected by the decree in that action (Davidson v. Weed, 21 App. Div. 579, 48 N. Y. Supp. 368), and the referee's deed, given as a result of the judgment in that action, expressly conveyed the property to the plaintiff subject to the leasehold interest of the defendant.   The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant has never attorned to the plaintiff or done any act which could be construed as a consent to or an acceptance of the plaintiff as landlord or made any agreement with him in reference to the premises, the possession of which the defendant now enjoys. No privity of estate or of contract exists between the plaintiff and the defendant, and there is no basis upon which the plaintiff can maintain this action.   In M'Kircher v. Hawley, 16 Johns. 289, Spencer, C. J., said:

"Having already decided that there exists no privity between the mortgagee and one holding under the mortgagor by a conveyance subsequent to the mortgage, we have, in effect, decided the present question; for it would seem to be an incontestible proposition that no man can destrain for rent unless a privity of contract or of estate exists between him and the party of whom rent is claimed."

In Simers v. Saltus, 3 Denio, 214, Jewett, J., said:

"If the mortgagor, subsequent to the mortgage, lease the premises, the mortgagee cannot destrain or sue for rent because there is no privity of contract or of estate between the mortgagee and tenant, unless the tenant attorn to the mortgagee after the mortgage has become forfeited, which he may do."

In Sprague National Bank v. Erie R. R. Co., 22 App. Div. 526, 48 N. Y. Supp. 65, Bradley, J., said:

"By the foreclosure and sale the equity of redemption of the mortgagor was cut off, and thus the defeasance taken from the mortgagor as of the time the lien of it was created.   Rector, etc., v. Mack, 93 N. Y. 488, 45 Am. Rep. 260; Batterman v. Albright, 122 N. Y. 484, 25 N. E. 856, 11 L. R. A. 800, 19 Am. St. Rep. 510.   It necessarily follows that, as no privity of contract or estate existed between the mortgagee and lessee, none as between the lessee and the purchaser resulted from the purchase and the master's deed thereupon made to support any action by either against the other upon the covenants in the lease in any event."

These authorities demonstrate that the judgment appealed from should be reversed.

The judgment appealed from is reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur.

---

(61 Misc. Rep. 60.)

BRACCO v. MERCHANTS' DESPATCH TRANSP. CO.

(Supreme Court, Appellate Term.   November 30, 1908.)

CARRIERS (§ 105*)—GOODS—DELAY—SPECIAL DAMAGES—RIGHT TO.

In the absence of notice to or knowledge by a carrier as to the special use to be made of a shipment of machinery, the only damages recoverable for a delay in shipment is the difference between the value when delivery should have been made and the value when it was made.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 452, 452½ ; Dec. Dig. § 105.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

