### COMMONWEALTH MORTGAGE CO. v. DE WALTOFF.

### SAME v. CARRUTH.

(Supreme Court, Appellate Term. April 8, 1909.)

MORTGAGES (§ 544*)—FORECLOSURE SALE—REMEDIES OF PURCHASER—RECOVERY OF POSSESSION.

Real Property Law (Laws 1896, p. 589, c. 547) § 194, provides that the attornment of a tenant to a stranger is absolutely void, and does not affect the possession of the landlord, unless made with the landlord's consent, or under order of court, or to a mortgagee after the mortgage has become forfeited. Code Civ. Proc. § 2231, subd. 1, provides for the recovery under summary proceedings of possession of leased property from a tenant, where he holds over after the expiration of his term. Section 2232, subd. 4, provides for the recovery under summary proceedings of land from a person who has intruded thereon. *Held*, that summary proceedings by the purchaser at foreclosure sale would not lie to recover possession from tenants who had never attorned to the purchaser, there being no privity of estate or contract between them, and it is immaterial whether the leases under which they hold are valid or void; but the purchaser may resort to equity if the leases are fraudulent, or, if the mortgagee, in foreclosing the mortgage, had made the tenants parties to the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

proceeding, possession could be secured by an order in the nature of a writ of assistance.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1575; Dec. Dig. § 544.*]

Appeals from Municipal. Court, Borough of Manhattan, Seventh District.

Actions by the Commonwealth Mortgage Company against Samuel A. De Waltoff, and by the same plaintiff against Charles R. Carruth. Judgment for plaintiff in the first action, and defendant appeals; and judgment for defendant in the second action, and plaintiff appeals. Judgment in the first action is reversed, and that in the second action is affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Atwater & Cruikshank, for plaintiff.

Benjamin W. Moore, for defendants.

SEABURY, J.   These summary proceedings are brought by a purchaser at a foreclosure sale of certain premises, in a part of which these tenants claimed to be rightfully in possession. The purchaser at such foreclosure sale was the mortgagee of said premises. The tenants claim possession under leases made prior to the filing of the notice of lis pendens in the foreclosure action and subsequent to the making and recording of the mortgage. The tenants were in possession of apartments in said premises at the time of the commencement of the foreclosure suit, and were not made parties to that action. The tenants have not attorned to the purchaser at the foreclosure sale. These proceedings cannot be maintained by this petitioner, because the conventional relation of landlord and tenant does not exist between the parties. The existence of such a conventional relation is a condition precedent to the institution of summary proceedings. There is no privity, either of estate or contract, between a mortgagee who purchases at a foreclosure sale and tenants of the mortgagor holding under leases made subsequent to the mortgage, when such tenants have not attorned. McKircher v. Hawley, 16 Johns. 289; Simers v. Saltus, 3 Denio, 214; Sprague National Bank v. Erie R. R. Co., 22 App. Div. 526, 48 N. Y. Supp. 65; Greene v. Geiger, 46 App. Div. 210, 61 N. Y. Supp. 524; Wacht v. Erskine, 61 Misc. Rep. 96, 113 N. Y Supp. 130.

The learned counsel for the petitioner contends that "the old doctrine of attornment by tenants has been practically swept away." This statement is incorrect. Section 194 of the real property law (Laws 1896, p. 589, c. 547) distinctly recognizes the validity and necessity for an attornment by the tenant "to a mortgagee, after the mortgage has become forfeited." Mr. Fowler, in his book on the Real Property Law, after making reference to the statutes on this subject, says:

"The statutes mentioned above have almost dispensed with the necessity of attornment, but not entirely. Even at the present day, in New York, attornment to a mortgagee is necessary, where the mortgagor in possession executes a lease and then defaults. The mortgagee cannot take advantage of a lease, made subsequent to his mortgage, unless the tenant attorns."

The chief contention of the petitioner is that the leases under which the tenants assert the right to remain in possession are fraudulent, and therefore void. In the view which I take of this case, this question is not now before us for determination. If these leases are not void, then these proceedings clearly cannot be maintained. If they are void, because they are the result of a fraudulent agreement between the mortgagor and the tenants, it is still equally apparent that the conventional relation of landlord and tenant does not exist between the petitioner and the tenants. In claiming that the conventional relation of landlord and tenant exists, and at the same time asserting that the leases under which the tenants hold are void, the petitioner advances two propositions which are inconsistent and mutually destructive of one another. Nor can the institution of these proceedings be justified upon the theory that, assuming the leases to be void, the tenants may be treated as tenants holding over, and proceeded against under subdivision 1 of section 2231 of the Code of Civil Procedure. Summary proceedings to remove a tenant holding over after the expiration of his term are predicated upon the previous existence of the conventional relation of landlord and tenant. If the leases are void, as the petitioner asserts, and as the proposition stated requires us to assume, then the relation of landlord and tenant did not exist. As was said by Church, C. J., in People ex rel. Ainslee v. Howlett, 76 N. Y. 574, 580:

"The essential requisite to authorize these proceedings is that the conventional relation of landlord and tenant should exist. Such a relation is claimed to have been founded upon an agreement. The agreement being void, the relation is not established."

Nor is it possible to sustain the petitioner's right to maintain these proceedings under subdivision 4 of section 2232 of the Code of Civil Procedure. That provision of the statute relates to the dispossession of those who intrude into or squat upon real property without the permission of the person entitled to the possession thereof. It cannot be denied that these tenants entered upon the premises with the permission of the person entitled thereto, nor can it be claimed that these tenants perpetrated a fraud upon the mortgagor to induce him to give permission to them to enjoy the premises. If there was any fraud in this case, it was not upon the mortgagor, but the result of a conspiracy between the mortgagor and these tenants to defraud the mortgagee.

At least two practical remedies were open to this petitioner as mortgagee in dealing with these tenants. It could have made them parties to the foreclosure section, and applied for an order in the nature of a writ of assistance. Greene v. Geiger, 46 App. Div. 210, 61 N. Y. Supp. 524. Not having pursued this remedy, the tenants' rights under their leases were not affected by the decree in the foreclosure suit. Davidson v. Weed, 21 App. Div. 579, 48 N. Y. Supp. 368. Even now, if the leases are fraudulent, as the petitioner asserts, equity is fully able to grant the petitioner appropriate relief. Not having adopted either of these remedies, the petitioner now seeks relief by summary proceedings. These proceedings are statutory, and the Legislature has made no provision for a case of this character. I think that the learned justices of the court below erred in making their decisions in

these cases turn upon the question of the validity of these leases. Whether the leases were valid or void, summary proceedings, under the provisions of the statute relating to this subject, are not the appropriate remedy.

The order in the De Waltoff case should be reversed, and the proceeding dismissed; and the order in favor of the tenant in the Carruth case should be affirmed. All concur.