**LIVESTOCK MARKETERS, INC. and Paulk and Batten Livestock Company, Inc., Petitioners,**

v.

**UNITED STATES of America, Respondent.**

No. 76–4500
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 1, 1977.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

G. Hughel Harrison, Lawrenceville, Ga., for petitioners.

Ronald R. Glancz, Atty., Freddi Lipstein, Atty., Barbara Allen Babcock, Asst. Atty. Gen., Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C., for respondent.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

Appellants challenge an order of the Secretary of Agriculture. Appellant Livestock Marketers, Inc. is registered with the Secretary as (1) a market agency to buy and sell livestock on a commission basis at Livestock Marketers Inc., Douglas, Georgia, a posted stockyard subject to the provisions of the Packers and Stockyards Act of 1921, 7 U.S.C. §§ 181 *et seq.* (hereinafter "the Act"), and (2) as a dealer to buy and sell livestock in commerce. Appellant Paulk and Batten Livestock Company, Inc., also does business at the Livestock Marketers, Inc. facility at Douglas, Georgia, and is registered with the Secretary as a dealer to buy and sell livestock in commerce. The same four individuals own the two appellant corporations in equal shares.

On the basis of three separate sales of hogs by representatives of the Department of Agriculture to appellant Livestock Marketers, Inc., the Judicial Officer [1] below concurred in the conclusion of the Adminis-

trative Law Judge that Livestock Marketers, Inc., "knowingly weighed livestock at less than their true and correct weights and to facilitate such shortweighing did not issue scale tickets to the sellers of such livestock," in violation of 7 U.S.C. § 213 and applicable regulations thereunder. *See* 9 CRF §§ 201.46, 201.49, 201.71, 201.73–1. The Judicial Officer thereupon ordered both appellants to cease and desist from the violative practices; additionally, he suspended both appellants as registrants under the Act for 30 days. *See* 7 U.S.C. § 204.

Appellants attack the adequacy of the record to support either the finding of statutory violations or the length of the suspension sanction. Both of these attacks fail in light of the narrow applicable standards of judicial review. Substantial evidence supports the conclusion that the scale at the Livestock Marketers, Inc. facility had been intentionally back-balanced to cause shortweighing. Regarding the length of the suspension, the Supreme Court has recently stated that the Secretary's choice of sanction is not to be overturned unless "unwarranted in law or without justification in fact." *Mutz v. Glover Livestock Comm'n Co., Inc.,* 411 U.S. 182, 185–86, 93 S.Ct. 1455, 1458, 36 L.Ed.2d 142 (1973). The 30 day sanction for shortweighing even in the relatively slight percentages here is not without precedent; we cannot quarrel with the reasonableness of its selection as a deterrent to violations in this area of serious concern.

Appellants' most troubling objection is to the application of any sanction to Paulk and Batten Livestock Company, Inc. None of the short-weight disclosing purchases set up by government agents involved Paulk and Batten. None of the violations found may be tied directly to that corporate entity.

Nonetheless the Judicial Officer reasonably determined that a suspension sanction

---

1. The Secretary of Agriculture has delegated to the Judicial Officer final administrative authority to decide the department's cases subject to the Administrative Procedure Act. Represent- atives of the department instituted the case at bar by filing a complaint against appellants, who were respondents below.

**750**

applied only to Livestock Marketers would in these peculiar circumstances amount to no sanction at all. Livestock Marketers sells almost all its livestock to Paulk and Batten, which sells to packers. Ownership of the two entities is identical. Of the four owners, the same three manage operations of the two companies. The record discloses many transactions in which from the time livestock is sold from Livestock Marketers through Paulk and Batten to a packer, only a single mark-up is taken. Thus the two appellants do not deal at arms length, but function largely as a single entity, using the same facility and achieving a single profit.

In similar circumstances the Secretary has found it necessary to issue cease and desist orders to owners of corporations in their individual capacities. The courts have upheld such veil-piercing orders as necessary to effect the statutory scheme, despite the lack of direct authorizing language. See *Bruhn's Freezer Meats of Chicago, Inc. v. United States Department of Agriculture*, 438 F.2d 1332 (8th Cir. 1971); *Sebastopol Meat Company v. Secretary of Agriculture*, 440 F.2d 983 (9th Cir. 1971). In the unusual circumstances here, when both appellants functioned to a great extent as a single entity prior to the finding of the violation and where the department warning regarding weighing discrepancies put both corporations on notice with respect to the same set of scales some nine months prior to the violation, application of the suspension sanction to both was within the authority of the Secretary. We emphasize that this conclusion is strictly tied to the complete identity of ownership, operation, income, and facilities of the two appellants.

The order of the Secretary is AFFIRMED.