UNITED STATES of America, Plaintiff,

v.

Palmer G. HULINGS, Defendant.

Civ. Á. No. 79–2198.

United States District Court,
D. Kansas.

Feb. 13, 1980.

Douglas B. Comer, Asst. U. S. Atty., Kansas City, Kan., for plaintiff.

Daniel W. Olsen, Deas, Van Hooser & Olsen, Kansas City, Mo., Thomas E. Foster, J. Nick Badgerow, McAnany, Van Cleave & Phillips, Kansas City, Kan., for defendant.

### MEMORANDUM and ORDER

SAFFELS, District Judge.

This case comes before the Court on defendant's motion to dismiss plaintiff's complaint. The United States brought this action under §§ 312, 314, and 315 of the Packers and Stockyards Act of 1921, 42 Stat. 159, as amended, 7 U.S.C. § 181, *et seq.* (hereafter cited to U.S.C. sections), for an injunction and to recover civil penalties because of defendant's operation as a market agency and as a dealer buying and selling livestock on a commercial basis without bond as required under the Act and regulations issued pursuant thereto.

This Court has jurisdiction of the action under 28 U.S.C. § 1345 and 28 U.S.C. § 1355.

The case originated in 1975 with a complaint filed with the Secretary of Agriculture by the Administrator of the Packers

and Stockyards Administration. The complaint alleged that defendant willfully violated § 213(a) of Title 7, U.S.C., and §§ 201.29 and 201.30 of the regulations (9 C.F.R. 201.29–201.30) by not maintaining a bond on file with the Packers and Stockyards Administration. When defendant did not specifically deny the allegations of the complaint, the Administrator filed a motion for adoption of a proposed decision. No objection was made to the proposed decision, although on July 30, 1975, defendant, by letter, assured the Administrator he was actively seeking a bond.

On September 3, 1975, an Administrative Law Judge (ALJ) issued a Decision and Order Upon Admission of Facts, which stated, among other things, that: [1] defendant was in the business of buying and selling livestock in commerce; [2] defendant was registered with the Secretary of Agriculture as a dealer and as a market agency; [3] defendant's surety bond to secure the performance of his livestock obligations under the Act was terminated on February 23, 1975; [4] defendant was notified that if he continued his livestock operations after February 23, 1975, without bond coverage, he would be in violation of § 213(a); [5] defendant continued to engage in the business of a market agency and as a dealer without filing and maintaining a reasonable bond; and [6] by reason of the facts found, defendant had willfully violated § 213(a) of the Act and the regulations thereunder.

The ALJ ordered defendant to cease and desist from engaging in any business in commerce in any capacity for which bonding is required under the Packers and Stockyards Act and the regulations without filing and maintaining a reasonable bond or its equivalent. In addition, defendant was suspended as a registrant under the Act until he complied fully with the bonding requirements. The order became final on October 19, 1975, but in the meantime, on September 15, 1975, defendant became bonded. The order stated that a supplemental order would be issued terminating the suspension when defendant obtained a bond. The Court assumes the suspension never occurred since defendant was properly bonded by the time the order took effect.

The complaint in this action asserts that defendant again violated the Act, on twelve days during the period from August 1, 1977, through September 14, 1977, when he knowingly failed to obey the provisions of the Secretary's 1975 order by purchasing and selling livestock without having and maintaining the required bond. Plaintiff prays for judgment against the defendant in the sum of $6,000, consisting of $500 per day for twelve days of violation, and for the issuance of an injunction enjoining the defendant from violating the provisions of the Secretary's order.

Movant argues that the action should be dismissed because: [1] the complaint fails to state a claim against defendant upon which relief can be granted; [2] the Court lacks subject matter jurisdiction because the order upon which the alleged claim is based terminated prior to the commencement of this action; [3] the issue presented by plaintiff's complaint is now moot; and [4] plaintiff is barred from bringing suit by the doctrine of laches.

Defendant argues that § 213(a) proscribes the commission of any "unfair, unjustly discriminatory, or deceptive practice or device," and that failure to have a bond is not an unfair or deceptive practice, and so is not within the ambit of § 213(a). Therefore, he contends, if there is no violation of § 213(a), no action for the recovery of civil penalties can be maintained under § 215(a). In support of his argument, defendant notes that § 204, authorizing the Secretary to require reasonable bonds from market agencies and dealers, provides for suspensions by the Secretary for violations of the Act by a registrant. Defendant maintains that Congress did not intend a bonding violation to be considered an unfair or deceptive practice because, if failure to have a bond were so construed, there would be no place for the application of § 204. Defendant contends that plaintiff's only remedy against defendant for failure to have a bond is an order of suspension.

Defendant's second argument is that the order of suspension failed to state "a rea-

sonable specified period," as required by the language of the Act, in that it specified no period. Therefore, he concludes, the order terminated within a reasonable time after its issuance and prior to the commencement of this action, and consequently defendant did not violate a valid order of the Secretary. Alternatively, defendant urges that the order be considered void from its issuance because it does not specify a period for the suspension. As a third option, defendant suggests that, assuming the order was valid when issued, it terminated on September 15, 1975, the date defendant became bonded as required by the order.

Third, defendant argues that whether the order is considered terminated or invalid from the beginning, there is no valid order which defendant could disobey, so the issue of a violation of that order is moot. If there is no case or controversy between the parties, he says, the Court is without jurisdiction to hear the matter, and the complaint fails to state a claim upon which relief may be granted.

Fourth, defendant maintains that plaintiff reasonably knew or should have known of the transactions upon which the alleged violations are based at or about the time they occurred. Those transactions occurred in 1977; defendant charges that plaintiff delayed unreasonably in waiting until 1979 to bring this action, and so the action should be dismissed by reason of the doctrine of laches.

In further suggestions filed with the Court, defendant attacks the Secretary's actions as being outside the scope of his authority as prescribed by Congress, because defendant was deprived of a fair hearing in violation of the Fifth Amendment to the Constitution of the United States when the judicial officer ignored defendant's letter and issued his decision without notice and a full hearing.

Finally, defendant attacks the administrative decision as arbitrary and capricious or an abuse of discretion on the ground that the ALJ did not consider any evidence in reaching his decision, but merely adopted the allegations contained in the Administrator's complaint.

Plaintiff, in opposition to defendant's motion to dismiss, cites several Department of Agriculture administrative decisions which declare that bond violations are deceptive practices, contrary to defendant's assertions. Plaintiff claims defendant knew that doing business without being bonded was a violation of § 213(a) in the Secretary's view because the order of 1975 so stated. Plaintiff contends that by operating outside the law defendant deceived those with whom he was doing business, customers who had a right to rely on defendant maintaining a bond in compliance with the regulations.

The pertinent sections of the Act and regulations may be summarized as follows: Section 204 authorizes the Secretary to require bonds from every market agency and dealer under such regulations as he may prescribe. Section 201.29 of the regulations issued pursuant to the Act requires every market agency and dealer to execute and maintain reasonable bonds to secure the performance of obligations incurred, and prohibits market agencies and dealers from operating unless they have a bond on file and in effect. Section 201.30 specifies the amounts of the bonds required. Section 204 also authorizes the Secretary to suspend a registrant for a reasonable specified period, if he finds the registrant has violated *any* provision of the Act.

Section 213(a) makes it unlawful for any market agency or dealer to engage in "any unfair, unjustly discriminatory, or deceptive practice or device" in connection with buying or selling livestock on a commission basis. Section 213(b) provides that whenever a complaint is made to the Secretary that a market agency or dealer is violating the provisions of § 213(a), "the Secretary after notice and full hearing may make an order that he shall cease and desist from continuing such violation to the extent that the Secretary finds that it does or will exist." The same section allows the Secretary to assess a civil penalty for each such violation.

Section 214 provides that: " . . . all orders of the Secretary under . . .

this title . . . other than orders for the payment of money, shall . . . continue in force until his further order, or for a specified period of time . . . ."

Section 215 provides: "Any stockyard owner, market agency, or dealer who knowingly fails to obey any order made under the provisions of sections 211, 212, or 213 of this title shall forfeit to the United States the sum of $500 for each offense. . . . Such forfeiture shall be recoverable in a civil suit in the name of the United States."

Section 216 authorizes actions in the district court to enforce lawfully-made orders of the Secretary which are disobeyed.

■ The question which the Court must answer is whether or not the failure of defendant to maintain a bond on file with the Department of Agriculture is an unfair or deceptive practice within the meaning of § 213(a). If it is not such a practice, the Secretary does not have the authority to issue a cease and desist order under § 213 or any other section of the Act. If it is such a practice, the Secretary did have the authority to issue a cease and desist order in 1975, and knowing disobedience of that order results in a forfeiture recoverable in a civil suit under § 215. If the Secretary's order was lawfully made in 1975, it is still currently in force according to § 214.

■ The order of suspension is not being attacked here, so the Court does not need to determine whether or not it was valid under § 204. The Court finds that the failure to specify a period for defendant's suspension does not affect the validity of the cease and desist part of the Secretary's order.

The Supreme Court, in a case under this Act involving suspension of a registrant for shortweighting cattle, said: "The fashioning of an appropriate and reasonable remedy is for the Secretary, not the court. The court may decide only whether, under the pertinent statute and relevant facts, the Secretary made 'an allowable judgment in [his] choice of the remedy.'" *Butz v. Glover Livestock Comm'n. Co.,* 411 U.S. 182, 188–189, 93 S.Ct. 1455, 1459, 36 L.Ed.2d 143 (1973).

The statute here (§ 204) clearly makes it lawful for the Secretary to suspend a registrant for any violation of the Act. Section 213(a) gives him the authority to issue cease and desist orders where he finds a registrant engaged in unfair or deceptive practices.

The Act does not define or enumerate unfair or deceptive practices. While different courts have considered various practices to determine whether they fall within the statutory prohibition, we can find no cases where a court has been faced with the question whether failure to maintain a bond is a practice made unlawful by § 213(a).

The Secretary has construed failure to have a bond as a violation of § 213(a). *In re Arden Vietmeier,* 22 A.D. 529 (1963); and *In re Caesar Brothers, Inc.,* 22 A.D. 1248 (1963). The Tenth Circuit Court of Appeals, in a Packers and Stockyards Act case, quoting the Supreme Court in *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1964), said: " '[W]hen faced with a problem of statutory construction' courts are bound to give 'great deference to the interpretation given the statute by the officers or agency charged with its administration.' " *Hays Livestock Comm'n. Co. v. Maly Livestock Comm'n. Co.,* 498 F.2d 925, 930 (10th Cir. 1974). The Eighth Circuit has held that a practice prohibited by the regulations (failure to pay for livestock in a timely manner) is a violation of § 213(a). Even though the regulation does not mention the words "unfair" or "deceptive," the Court felt the proscription by the regulation brought the practice within the proscription of § 213(a) of the Act because the regulation represented the Secretary's construction of the statute, which was entitled to great weight in the courts. *Van Wyk v. Bergland,* 570 F.2d 701, 704 (8th Cir. 1978).

This Court must decide whether the Secretary's issuance of the cease and desist order was unwarranted in law or without justification in fact. *See American Power & Light Co. v. Securities and Exchange Commission,* 329 U.S. 90, 112–113, 67 S.Ct. 133, 145–146, 91 L.Ed. 103 (1946). The Tenth Circuit has said: "The words, 'unfair,

unjustly discriminatory, or deceptive practice or device,' as used in § 312(a) [7 U.S.C. 213(a)] of the Act are not defined, and their meaning must be determined by the facts of each case within the purposes of the Packers and Stockyards Act." *Capitol Packing Co. v. United States,* 350 F.2d 67, 76 (10th Cir. 1965).

■ One purpose of the Act is to protect farmers and ranchers from receiving less than fair market value for their livestock and to protect consumers from unfair practices. *Solomon Valley Feedlot, Inc. v. Butz,* 557 F.2d 717, 718 (10th Cir. 1977). "Among the means employed to accomplish this purpose is the use of surety bonds." *Id.* at 720.

■ The Court is convinced that the Act through the regulations entitles sellers and buyers of livestock to the protection of their middleman's surety bond securing his obligations. Since it is the Secretary's duty to construe and implement the Act, the Court finds he has the authority to construe failure to maintain a bond on the part of a dealer or a market agency as a deceptive practice. Thus, if failure to maintain a bond is lawfully construed to be a violation of § 213(a), the Secretary has the choice of suspending the dealer or market agency under § 204 or issuing a cease and desist order under § 213(b), or both. The Court further finds that the Secretary's imposition of both sanctions against this defendant was within the range of choices allowed him by the statutory language and purpose.

■ Having found that the cease and desist order issued by the Secretary in 1975 was warranted under the law, the Court also finds that such order was justified by the facts in this case. All the Secretary had to find was that defendant did not have a bond in effect. The Administrator alleged that defendant's bond terminated February 23, 1975; defendant was given an opportunity to refute the allegation, and he did not, even though he was told that failure to deny it specifically would constitute an admission of the allegation. In fact, defendant constructively admitted he did not have a bond by stating, in his letter of July 30, 1975, to the Hearing Clerk, that he was attempting to obtain a bond. This was an adequate basis for the Secretary's finding that defendant did not have an effective bond.

Therefore, under the law and the facts, the 1975 order was lawfully issued, and the action in this Court to recover forfeitures under § 215, and for an injunction under § 216 for a violation of that order in 1977, is appropriate.

■ The Court is not persuaded by defendant's contention that the suspension provision has no application other than as a sanction for failure to have a bond. The language is clear that suspension may be imposed for a violation of *any* provision of the Act. Suspensions have been upheld by several courts as a proper choice of remedy for violations of the Act other than a bond violation, particularly for violations of § 213(a). *See, e. g., Butz v. Glover Livestock Comm'n. Co.,* 411 U.S. 182, 93 S.Ct. 1455, 36 L.Ed.2d 142 (1973); *Van Wyk v. Bergland,* 570 F.2d 701 (8th Cir. 1978); *Livestock Marketers, Inc. v. United States,* 558 F.2d 748 (5th Cir. 1977), *cert. denied* 435 U.S. 968, 98 S.Ct. 1606, 56 L.Ed.2d 59 and *Hyatt v. United States,* 276 F.2d 308 (10th Cir. 1960).

■ The Court also finds defendant's claim that plaintiff's action should be barred by laches without merit. "[A]s to its governmental function, the doctrine of laches does not apply to the United States nor to its officers or agencies." *Thompson v. United States,* 312 F.2d 516, 519 (10th Cir. 1962), *cert. denied* 373 U.S. 912, 83 S.Ct. 1303, 10 L.Ed.2d 414 (1963).

■ According to the ALJ's decision, defendant was given notice of the proceedings against him and an opportunity to request an oral hearing. In addition, defendant was notified that failure to deny the allegations of the Administrator's complaint against him would constitute admission of those allegations. Defendant failed to specifically deny the allegations, and did specifically waive oral hearing. Therefore, the Court finds that defendant was not de-

prived of a fair hearing in violation of the Fifth Amendment to the United States Constitution.

The Court cannot find, as defendant urges, that the Secretary abused his discretion or acted arbitrarily and capriciously in reaching his decision. Although not much evidence was apparently put before the ALJ, it does appear that before adopting the allegations in the Administrator's complaint as his findings of fact, he considered defendant's letter and the fact that defendant had an opportunity for an oral hearing, which he waived. Defendant cannot be heard to complain that the ALJ did not consider his evidence when he declined to introduce any. The ALJ's decision was in the nature of a default judgment; after defendant did not deny the allegations, the ALJ was justified in finding he was not bonded as required by the regulations. From that fact, we have found, as set out above, the ALJ's conclusion that defendant had violated § 213(a) of the Act was warranted.

IT IS THEREFORE ORDERED that defendant's motion to dismiss be and hereby is overruled.