MARGARET C. WALLACE, as Executrix, etc., Respondent, v.
MOSES STRAUS, Appellant.

W., plaintiff's testator, a stockbroker, was carrying certain stock for S.
on a margin; the margin having become inadequate, defendant executed
to W. a written guaranty for any loss sustained "by reason of the hold-
ing and carrying of said stock." The stock at that time was worth in the
market more than the amount due W. Subsequently, after notice to S.
and defendant to take up and pay for the stock, and that in case of failure,
the same would be sold at public auction at a time and place specified,
the stock was sold in accordance with such notice. In an action
upon said guaranty, *held*, that it was not a guaranty of collection requir-
ing the remedy against the principal debtor to be first exhausted
before enforcing it; but it was a loss as ascertained by a sale of the stock
which was contemplated by the parties as the subject of the guaranty,
and plaintiff was entitled to recover the loss as so ascertained.

Upon the trial S. was called as a witness by defendant, and having testified
that he gave instructions to W. in November, 1881, with reference
to a sale of the stock, was asked to state those instructions. This was
objected to on the ground that the witness, being the principal debtor,
was interested in the event of the action and so was incompetent to testify
to a personal transaction with W. under the Code of Civil Procedure
(§ 829.) The objection was sustained. It did not appear that S. had
received any notice from defendant to defend or had undertaken the
defense. *Held*, error; that S. was a stranger to the action and not
interested within the meaning of said Code; that before he could be
bound by the judgment he must have been placed, by formal notice
to defend or something tantamount to such notice from the defendant,
in a situation calling upon him to assume control of the action, or to
aid in its defense, as though a party, with the right to adduce testi-
mony and cross-examine witnesses and appeal from the judgment; that
the simple fact that he was called as a witness by his surety did not bind
him by the result of the litigation.

(Argued March 15, 1889; decided April 16, 1889.)

APPEAL from judgment of the General Term of the Supreme
Court, entered upon an order made January 23, 1888, which
affirmed a judgment in favor of plaintiff, entered upon a
decision of the court without a jury.

This was an action upon the following guaranty:

"Whereas, Ferdinand Straus is indebted to F. B. Wallace
in the sum of eleven thousand five hundred and fourteen $\frac{89}{100}$

dollars, with interest from August 16, 1881, for which the said Wallace holds as collateral security one hundred shares of the stock of the Central Pacific Railway Company and one hundred shares of Ohio Central Railroad Company, and whereas the margin on said stock is inadequate.

"Now, therefore, in consideration of one dollar in hand, paid by said Wallace, I hereby agree to guarantee said Wallace or the new firm of F. B. Wallace & Co., if said account is transferred to the books of said new firm, from any loss they may sustain by reason of the holding and carrying of said stock.

"Witness my hand and seal this 25th day of October, A. D. 1881.

"MOSES STRAUS." [SEAL.]

Wallace, to whom the guaranty was given having, died, plaintiff, his executrix, served a notice on the defendant and on said Ferdinand Straus, on January 7, 1886, to take up and pay for said stock, and in case of failure so to do that she would sell the same on the 20th of January, 1886, at 12.30 P. M., by A. H. Muller & Son, at 29 Liberty street; and, on said sale, the stock referred to in the notice was sold for $4,109$\frac{63}{100}$ net; said amount was credited on the indebtedness, and this suit was brought to recover the balance.

Further facts appear in the opinion.

*Stephen C. Baldwin* for appellant. The guaranty in question was a guaranty for collection and not of payment, and an action against the guarantor could only be predicated upon the exhaustion of all legal remedies against his principal. (*Craig* v. *Parkis*, 40 N. Y. 181; *Griffith* v. *Robinson*, 15 Hun, 344; Baylies on Guaranty, 22; *Goldsmith* v. *Brown*, 35 Barb. 495; *Jones* v. *Sluckburg*, 1 Barb. Ch. 250; *Keyes* v. *Tifft*, 1 Cow. 98; *Northern Ins. Co.* v. *Wright*, 20 N. Y. S. C. Rep. 168; 76 N. Y. 445; 14 Hun, 165; *Moakly* v. *Riggs*, 19 Johns. 69; *Loveland* v. *Shepard*, 2 Hill, 139; *Hernandez* v. *Stilwell*, 7 Daly, 360; *Vanderbilt* v. *Schreyer*, 21 Hun, 537; *Sawyer* v. *Hascall*, 18 How. 282.) Ferdinand

Straus, the principal, for whom defendant became guarantor, was not a party or a person interested in the event within the meaning of section 829 of the Code of Civil Procedure. (*Kelly* v. *Burroughs*, 102 N. Y. 93; *Nearpass* v. *Gilman*, 104 id. 507; *Hobart* v. *Hobart*, 62 id. 80; *Hildebrandt* v. *Crawford*, 65 id. 107; 1 Greenl. on Ev. § 390; *Miller* v. *Montgomery*, 78 N. Y. 282.)

*W. F. Dunning* for respondent. While the liability of guarantors is *strictissimi juris* and cannot be extended by construction beyond the plain and explicit language of their contract, yet such contract is subject to the same rules of construction as other contracts; and is to be enforced according to the meaning and intent and in the manner designed by the parties at the time of its execution. (*People* v. *Lee*, 104 N. Y. 441.) Ferdinand Straus was incompetent, as a witness for the defendant, to testify as to instructions given or as to letters written by him to F. B. Wallace, and the exclusion of such testimony was not error. (*Church* v. *Howard*, 79 N. Y. 415, 420; 1 Greenleaf on Evidence, § 390; *Lawton* v. *Sayles*, 40 Hun, 252, 253; *Redfield* v. *Redfield*, 110 N. Y, 671.)

ANDREWS, J. The primary purpose of the guaranty was to secure the debt owing by Ferdinand Straus to Wallace, if its collection should be deferred. At the date of the guaranty the stock was worth in the market more than the amount of the debt. Wallace could sell at any time on notice and satisfy the debt out of the proceeds. The purpose of Ferdinand Straus in furnishing a guaranty was to avoid a sale and to have the stock carried in expectation of a better market. But the fluctations incident to such property might hazard Wallace's position, unless he had indemnity that while carrying the stock his security would not be impaired. The stock was the security upon which Wallace relied. The contract indicates this and also that both Wallace and the guarantor, Moses Straus, regarded the stock as the certain and immediate recourse for the payment of the debt. When, therefore, the defendant, instead of guaranteeing the debt, or the payment or collection

of the debt guaranteed Wallace against any loss by reason of holding or carrying the stock, the guaranty was against a depreciation of the stock which would render it insufficient to pay the debt.   It was a loss as ascertained by a sale of the stock which was contemplated by the parties as the subject of the guaranty.   This, we think, is the plain construction of the instrument.   It was not a guaranty of the collection of the debt so as to require that the remedy against the principal debtor should be exhausted before coming upon the surety.   This would lead to an affirmance of the judgment, except for a ruling by the trial judge on a question of evidence.

The defendant called his brother, Ferdinand Straus, as a witness, and he was asked : "Did you give any instructions (to Wallace) in November, 1881, with reference to a sale of these two blocks of stock ?" and the question was objected to by the plaintiff's counsel on the ground that the witness being the principal debtor, and the action being against his surety, he was interested in the event of the action and was, therefore, incompetent to testify to a personal transaction with the plaintiff's testator under section 829 of the Code.   The court permitted the witness to answer "yes or no," and he answered "Yes."   This question was followed by one calling for the instructions given, and the objection being renewed, the court sustained it and excluded the testimony.   It must be assumed, in the absence of any objection on that ground, that the testimony offered was material.   It is certainly possible that instructions might have been given by Ferdinand Straus to Wallace, the disregard of which would furnish a defense, in whole or in part, to the action.

The question, therefore, is whether the witness was interested in the event of the action, as upon this ground only could the question have been excluded under section 829. The test of the interest which disqualifies a witness not a party, under this section, is stated by CHURCH, Ch. J., in *Hobart* v. *Hobart* (62 N. Y. 80), in construing a corresponding section of the prior Code, adopting substantially the lan-

guage in 1 Greenleaf on Evidence (§ 390). He says: "The true test of the interest of a witness is that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action. It must be a present, certain and vested interest, and not an interest remote, uncertain or contingent." The same rule was reiterated in *Nearpass* v. *Gilman* (104 N. Y. 507). The witness Ferdinand Straus was not interested within the rule. He was not bound by the judgment rendered against the surety. It is plain that the judgment would not determine his liability in an action subsequently brought by Wallace against him to recover the debt or in any way limit it, except that if collected it might operate as payment in full or *pro tanto* of the debt. So if the surety, having paid the judgment, should bring an action for reimbursement, the recovery against the surety would not fix the liability of the principal. The judgment against the surety would not be an adjudication as against Ferdinand Straus, that the surety had incurred any liability for which he was entitled to indemnity. It would be admissible to prove the fact of the judgment, and it would determine the amount of the liability over of the primary debtor to the surety when his liability had been otherwise established. This conclusion results from the "most obvious principle of justice, that no man ought to be bound by proceedings to which he was a stranger." (1 Greenl. Ev. 522.) Ferdinand Straus was, within this principle, a stranger to the suit against the surety. He was not a party, nor, so far as it appears, was any notice given to him by the surety to defend the action, nor had he undertaken the defense. It may be assumed, from the fact that he was called as a witness, that he knew of the pendency of the suit. But before he could be bound by the judgment he must have been placed by the act of the surety in a situation calling upon him to assume the control of the action or to aid in its defense, as though a party, with the right to adduce testimony and to cross-examine witnesses, and to appeal from the judgment. (1 Greenl. Ev. § 523.) The bare fact that he was called as a

witness by the surety, nothing else appearing, did not bind him by the result of the litigation. It will be found in the cases upon the subject that something more was necessary. There must be formal notice to defend or something tantamount to such notice, given by the surety, or the principal must have assumed the defense of the action, or aided in preparing the defense in order to bind him by the result. (*Barney* v. *Dewey*, 13 Johns. 224; *Brewster* v. *Countryman*, 12 Wend. 446; *Chicago* v. *Robbins*, 2 Black, 418; *Lovejoy* v. *Murray*, 3 Wall. 1.) In short, no fact determined against the surety in the action, or which might have been determined therein, would, under the circumstances disclosed, when the ruling in question was made, be available to, or would bind the witness in any subsequent action brought against him either by the surety or the creditor Wallace.

We think, therefore, the evidence offered was erroneously excluded, and that for this error the judgment should be reversed and a new trial granted.

All concur.

Judgment reversed.