(85 App. Div. 478.)

## FARRAR v. FARMERS' LOAN & TRUST CO.

(Supreme Court, Appellate Division, First Department.   July 7, 1903.)

1. WITNESSES—COMPETENCY— TRANSACTIONS WITH DECEDENT—PARTY INTER-
ESTED IN RESULT.
    A married woman died, leaving mortgaged realty, which she devised
to her executor, to lease, and to pay the rent to her husband and daughter,
but provided that, if they should pay the mortgage, they might jointly
occupy the premises so long as they might wish.   The mortgage was
paid by the daughter, and on the death of her father she sued his ex-
ecutor for one-half of the amount required to pay the mortgage.   *Held*,
that the executor of the wife's estate was not incompetent to testify to a
conversation with the deceased father relative to whether or not he ac-
cepted the provisions of the will; the conversation not being between the
deceased and a person interested in the action, so as to render the ex-
ecutor incompetent, under Code Civ. Proc. § 829.

2. ACTION AGAINST EXECUTOR—EVIDENCE—RELEVANCY.
    Questions asked such witness as to whether the deceased husband ac-
cepted the provisions of the will, or stated he would pay one-half the
mortgage, etc., were relevant and material.

Appeal from Judgment on Report of Referee.

Action by Sarah J. Farrar against the Farmers' Loan & Trust
Company, as executor of the estate of Horace Theall, deceased.
From a judgment for defendant, plaintiff appeals.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, IN-
GRAHAM, and McLAUGHLIN, JJ.

Theodore H. Lord, for appellant.
David McClure, for respondent.

McLAUGHLIN, J.   This action was brought to recover from the
defendant one-half of the amount paid to satisfy a mortgage upon
certain real estate.   The issues were referred to a referee to hear
and determine, and at the conclusion of the trial he made a report
dismissing the complaint upon the merits, upon which judgment was
entered to that effect, from which plaintiff has appealed.

There is no dispute as to the facts.   On the 9th of June, 1896,
Sarah E. Theall, the mother of this plaintiff, and wife of Horace
Theall, defendant's testator, owned an estate in the city of New
York, upon which there was a purchase-money mortgage.   She dis-
posed of such property by the third clause of her will, which reads as
follows:

    "Third. I give and devise my house and the lot on which it stands, known
as 'Street No. 113 West 21st Street,' in New York City, to my executor, in
trust nevertheless for the following uses and purposes:   To let and rent the
same for and during the joint lives of my said husband and daughter and
after deducting from the rent thereof all sums necessary to be paid for in-
terest, taxes and assessments, insurance and repairs, to pay over the rents,
issues and profits to my said husband and daughter equally during their
joint lives.   But I do further order and direct that my said husband and
daughter shall pay (one-half thereof each) the sum due on the mortgage now
upon said house and lot and upon their so doing and upon their paying
equally all taxes, insurance and repairs, then and in that case, instead of
letting and renting said house, my said executor is hereby directed to permit
my said husband and daughter jointly to occupy said house so long as they
shall jointly agree to do so."

And the fourth clause of the will provided:

"Upon the decease of my said husband or daughter, as the case may be, I give and devise said house and lot to the survivor of them at once and absolutely."

Prior to and at the time of her death, Mrs. Theall was living in the house referred to with her husband and daughter, and thereafter they continued to reside there for several days, when he went away for a short time; and before his return, and on August 22, 1896, he died, also leaving a will, which was admitted to probate, and letters testamentary were issued to the defendant, who qualified, and has since been and now is acting as the executor thereof. Subsequent to his death, in order to prevent a foreclosure of the mortgage referred to in the third clause, above quoted, of the will of Mrs. Theall, the plaintiff paid the amount due thereon, and then brought this action to recover from the defendant one-half of such sum; basing her right to such recovery, as appears from the allegations of the complaint, upon the fact that Mr. Theall, with knowledge of the terms and conditions of his wife's will, expressly accepted its provisions, and jointly with the plaintiff occupied the house from the time of the death of Mrs. Theall until his own death.

At the trial the will of Mrs. Theall was put in evidence, and then one George D. Farrar, the executor therein named, was called as a witness; and, after testifying to some of the foregoing facts, he stated that subsequent to the death of Mrs. Theall he read her will to her husband, and then had a conversation with him in reference to it. He was then asked the following questions:

"(1) Q. Will you state what that conversation was? (2) Q. In that conversation, did Horace Theall state to you whether or not he accepted the provisions of the will? (3) Q. Did Horace Theall state whether or not he would pay one-half of the mortgage on the Twenty-First street house? (4) Q. Did he make any statement relative to his intention as to living in the house, or paying a part of the running expenses thereof, or paying for the repairs thereof, or paying one-half of the mortgage?"

Each of which was objected to upon the ground that it was immaterial and irrelevant, and, under section 829 of the Code of Civil Procedure, incompetent. The objections were sustained and an exception taken in each instance.

We are of the opinion that the exceptions were well taken. The testimony sought to be elicited from this witness was not incompetent, under section 829 of the Code of Civil Procedure. The action is brought to recover from the estate of Horace Theall one-half of the amount alleged to have been paid by the plaintiff to satisfy a mortgage upon the real estate owned by Mrs. Theall at the time of her death, and under her will the payment of this mortgage was to be assumed by Horace Theall and the plaintiff; each being required to pay one-half thereof in case they occupied the house. A conversation, therefore, between Farrar, the executor of Mrs. Theall's will, and Horace Theall, a beneficiary thereunder, did not call for any personal transaction between the deceased and a person interested in the event of the action, or a person from, through, or under whom such party or interested person derived his interest or

title. Whatever interest the plaintiff had in the action she acquired by virtue of the provisions of the will of her mother, and the subsequent payment by her of the mortgage. She had acquired nothing from the executor in Mrs. Theall's will, nor did her interest in any way depend upon his act, nor did he have any interest in the subject-matter of the action. He was not, therefore, being examined either in his own behalf, or in behalf of a party succeeding to his title or interest. Wallace v. Straus, 113 N. Y. 238, 21 N. E. 66. If we are correct in this, then it follows that the testimony ought not to have been excluded on the ground that it was incompetent under the section of the Code referred to.

Nor can it be said that the answers to such questions would have been irrelevant or immaterial. It is hardly necessary to speculate on what the answers would have been, had the witness been permitted to give them; but it is possible they would have tended to establish that Mr. Theall, after the death of his wife, with full knowledge of the conditions and provisions of her will, stated that he and his daughter would occupy the house; that he had entered into an arrangement with her that, if a demand were made for the payment of the mortgage, she would advance a sum sufficient to pay it off; and that he was thereafter to pay her his share, or that she was to have a claim for such sum against his estate, in case of his death, and by reason of such agreement she paid the mortgage. If such facts had been made to appear, it can hardly be said that they would have been irrelevant or immaterial. Wright v. Garlinghouse, 26 N. Y. 539; Wellington v. Kelly et al., 84 N. Y. 543; City of Albany v. McNamara, 117 N. Y. 168, 22 N. E. 931, 6 L. R. A. 212. The provision of the will relating to the rent was made for the benefit of the plaintiff and Mrs. Theall's husband, and we think the correct construction to be placed upon it is that upon the husband and plaintiff assuming and agreeing to pay the mortgage, taxes, insurance, and repairs, they were entitled to occupy the house, instead of receiving the rent; and, if this be the correct construction, then, clearly, the testimony which was excluded bore directly upon the subject which was being investigated.

The judgment appealed from, therefore, must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.