HARTWIG v. AMERICAN INS. CO. OF CITY OF NEWARK, N. J.

(Supreme Court, Appellate Division, Second Department. July 30, 1915.)

INSURANCE ⬅581—EXTENT OF LIABILITY—AVERAGE CLAUSE—RECOVERY BY MORTGAGEE.

　　Under a fire policy in the standard form, insuring the owner to an amount not exceeding $1,500 and containing a standard average clause, providing that the insurer should not be liable for a greater proportion of any loss or damage than the sum thereby insured bore to 80 per cent. of the actual cash value of the property at the time such loss should hap-

pen, followed by a mortgagee clause making the loss, if any, payable to the plaintiff as mortgagee, as her interest might appear, the defendant's liability was the same as if the words "to an amount not exceeding $1,500," together with the 80 per cent. average clause, had been omitted, and the policy had provided for the payment of $1,500, if the direct loss or damage equaled or exceeded 80 per cent. of the actual cash value of the property insured at the time of loss, and, if not, of such proportion of any loss as $1,500 bore to 80 per cent. of the actual cash value of the property at the time of loss, so that the liability could not be determined until after the loss, and where the loss was less than 80 per cent. of the actual cash value the clause reduced the recovery of the mortgagee to the amount fixed by such clause.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1444–1447; Dec. Dig. ☞581.]

Submission of controversy without action by Kartharina Hartwig against the American Insurance Company of the City of Newark, N. J., on agreed statement of facts. Judgment directed for plaintiff for the sum of $460.22, with interest.

Argued before JENKS, P. J., THOMAS, STAPLETON, and RICH, JJ.

Henry M. Dater, of Brooklyn (Herbert Cracauer, of New York City, and James O. Miller, of Brooklyn, on the brief), for plaintiff.

William D. Murray, of New York City, for defendant.

RICH, J. This is the submission of a controversy upon an agreed statement of facts, and presents a single question of law, viz.: Does the 80 per cent. clause attached to a standard fire insurance policy, taken out by the owner and made payable to his mortgagee as his interest may appear, diminish the recovery of the latter in the event of loss, under the facts presented by this record?

On September 30, 1910, at the request of the owner, the defendant issued a policy of fire insurance, in the standard form, by which it insured such owner "to an amount not exceeding $1,500," for a period of three years, against loss or damage by fire to premises situate on Hamilton avenue in the borough of Brooklyn. A paster is attached to the face of the policy, preceding the printed conditions, on which appears a description of the insured property, a number of privileges and permissions—the standard average clause—in part as follows:

"This company shall not be liable for a greater proportion of any loss or damage to the property described herein than the sum hereby insured bears to eighty per centum (80%) of the actual cash value of said property at the time such loss shall happen."

This is followed by the mortgagee clause, by which the loss, if any, is payable to the plaintiff as mortgagee, as interests may appear. On July 5, 1913, the building, covered by plaintiff's mortgage and the policy of insurance, was damaged by fire to the extent, as fixed by arbitration, of $1,350, and the actual net cash value of such building at the time of the loss at $5,500. The proportion of the loss or damage to 80 per cent. of such net cash value, based on the amounts determined by such arbitration, is $460.22, and the defendant concedes that the plaintiff is entitled to recover this amount, with interest and costs,

and has offered to allow the plaintiff to enter judgment for this amount. It is contended by plaintiff that the 80 per cent. clause embraces a condition binding only upon the owner and insurer, and has no effect upon the plaintiff's rights as a mortgagee; that upon the insured building being damaged by fire she was entitled to be paid the full amount of her loss, with no limitation 'other than the amount unpaid upon the mortgage and the amount for which insurance had been effected.

If the action had been brought by the owner, his recovery would have been limited to $460.22 (Farmers' Feed Co. v. Scottish Union & Nat. Ins. Co., 173 N. Y. 241, 65 N. E. 1105); and I can see no reason why the same result does not follow as to the plaintiff, mortgagee, for the reason, as is conceded, that her recovery to the extent of the mortgage debt necessarily rests upon "the amount for which such insurance has been effected." The defendant did not undertake to pay $1,500 absolutely to any one; its liability was limited to that amount in any event. The legal effect of the standard average clause is to make the liability of the defendant the same as if the words in the policy "to an amount not exceeding $1,500," together with the 80 per cent. average clause, had been omitted from the policy, and in lieu thereof had been written:

"The sum of $1,500 if such direct loss or damage equals or exceeds 80 per cent. of the actual cash value of the property insured at the time such loss shall happen, and, if not, such proportion of any loss or damage to the property described herein as such sum of $1,500 bears to 80 per cent. of the actual cash value of said property at the time of such loss."

Until the occurrence of the fire which damaged the insured property, the liability of the defendant could not be determined. When it did occur, the damage being less than 80 per cent. of the cash value of the property, the liability of the defendant under its policy became fixed by its terms at the proportion of the loss stated in the policy, which was the entire amount, both as to the owner and mortgagee. It is true that there are two contracts of the defendant in this policy, one with the mortgagee (plaintiff), the other with the owner; but the amount to be recovered by either is limited to the amount of insurance effected and agreed to be paid in the event of loss by the defendant.

The plaintiff contends, upon the authority of Eddy v. London Assurance Corporation, 143 N. Y. 311, 38 N. E. 307, 25 L. R. A. 686, that her contract with defendant constitutes an entirely separate insurance of her mortgage interest, under which she takes the same rights that she would have taken, had she received a separate policy free from the conditions imposed upon the owner. Conceding this, the contention overlooks the fact that the amount of the insurance agreed to be paid by defendant is not a condition, but an integral part, of the policy, limiting its liability, as to any one, to the proportion of loss it undertakes and agrees to pay. Neither is the contention that the mortgagee clause contains the whole contract made by the defendant with plaintiff sound, for the reason that it ignores the fact that such clause provides no amount, rate, or term of insurance, and does not describe the property insured. The defendant only agrees to pay the loss or damage for which it is liable under the other provisions of its policy, to the extent of the mortgagee's interest in the insured property at the

time of the loss. Before a mortgagee has any right of recovery under such clause, he must establish the amount the insurer is liable for under its contract with the owner, and his recovery cannot in any event exceed that amount.

Judgment is ordered for the plaintiff for $460.22, with interest thereon from September 23, 1913, and costs. All concur.