BEN-MORRIS COMPANY *vs.* THE HANOVER INSURANCE COMPANY. September 3, 1975. This is an action in which the plaintiff seeks to collect its share of the proceeds of a fire insurance policy issued on premises upon which it held a first mortgage. The policy contained a clause which insured the plaintiff against fire loss "as the interests of ... [the] mortgagee ... may appear." Prior to the fire loss, the plaintiff instituted foreclosure proceedings against the owner of the premises, and a sale was scheduled for February 13, 1973. The fire occurred on February 9, 1973, and the foreclosure sale was postponed several times thereafter until December 7, 1973, when the property was sold for $5,800. The loss caused by the fire was about $21,000; at the time of the fire, the amount due the plaintiff on the mortgage debt was $12,928.45, which included both principal and interest. The plaintiff appeals from a decree of the Superior Court whereby it was found that the defendant (insurer) owed to the plaintiff $7,273.45, such sum representing the difference between the mortgage debt and interest as of the date of the fire and the proceeds of the foreclosure sale (with some minor adjustments not here relevant). 1. The plaintiff contends that the judge, when calculating the amount owed by the insurer, should have reduced the proceeds of the foreclosure sale by the amount of interest on the mortgage note accruing after the fire and foreclosure expenses. We disagree. The interest of the mortgagee under the fire policy is "the amount which may be due the mortgagee on the mortgage debt .... It was not intended to include additional claims, but was intended to provide for a diminution of the interest of the mortgagee by the reduction, by payment or otherwise, of the amount of the debt." *Attleborough Sav. Bank* v. *Security Ins. Co.* 168 Mass. 147, 149 (1897). Since the rights of the plaintiff, as mortgagee, to the insurance proceeds were fixed as of the time of the fire, the plaintiff cannot hold the insurer liable for interest which accrued on the mortgage note after the date of the fire. Couch, Insurance, § 29.75 (2d ed. 1960). As the plaintiff was insured only to the extent of its mortgage debt, to the extent that such debt has, subsequent to the loss, been satisfied, the insurer's liability is thereby reduced. *Power Bldg. & Loan Assn.* v. *Ajax Fire Ins. Co.* 110 N. J. L. 256 (1933). C.J.S., Insurance, § 919, at 1026. Appleman, Insurance, § 3403 (1970). *Rosenbaum* v. *Funcannon,* 308 F. 2d 680, 684 (9th Cir. 1962). Therefore, since the plaintiff received $5,800 as a result of the foreclosure sale, this sum was properly applied in reduc-

Rescript Opinions.

tion of the insurer's liability to the plaintiff. The judge was correct in ruling that "the deficiency and all expenses of foreclosure are the responsibility of the mortgagor," as the insurance policy covered the plaintiff only to the extent of its mortgage debt and interest due as of the date of the fire. See *Attleborough Sav. Bank* v. *Security Ins. Co., supra,* at 149. 2. On November 9, 1973, the insurer offered the plaintiff $12,928.45 as payment of its obligation under the policy. From the evidence, it appears that the plaintiff purportedly accepted this offer on December 7, 1973 (the date of the foreclosure sale). Contrary to the plaintiff's contention, this did not create a binding contract between the parties as the insurer's offer was not accepted within a reasonable time in light of the fact that the foreclosure sale had changed the nature of the insurer's liability. See *Loring* v. *Boston,* 7 Met. 409, 412-413 (1844); *Starkweather* v. *Gleason,* 221 Mass. 552, 553-554 (1915); *Powers, Inc.* v. *Wayside, Inc. of Falmouth,* 343 Mass. 686, 691 (1962). Restatement: Contracts, § 40(1). Furthermore, the release prepared by the insurer and signed by the plaintiff did not create a binding contract. The offer by the insurer to pay $12,928.45, contained in the release, was expressly conditioned upon the outstanding mortgage debt remaining at that amount. Once the foreclosure sale took place, the amount of the mortgage debt was reduced, and the terms of the offer could not be met. See *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 148 (1923); *Bank of United States* v. *Thomson & Kelly Co.* 290 Mass. 224, 228 (1935); *Peretz* v. *Watson, ante,* 727 (1975).

*Decree affirmed.*

*David A. Talman* for the plaintiff.
*Edward P. Healy* for the defendant.