■ WHITE ROSE FOOD CORP., Appellant, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION et al., Respondents. — Order, Supreme Court, New York County (M. Evans, J.), entered May 6, 1983, denying plaintiff's motion for summary judgment, is unanimously reversed, on the law, with costs, and plaintiff is granted partial summary judgment as to liability only to the full extent of the damage to the property, or interest in the property, that was subject to plaintiff's lien, and plaintiff is awarded partial summary judgment in the sum of $107,185, with interest thereon from a date to be specified in the order and to be apportioned among the defendants as directed in the order, and the action is remanded for the assessment of the remaining damages. Settle order. On February 24, 1980 a fire occurred at the premises of Lilpan Food Corp., a food supermarket. Defendants had issued fire insurance policies to Lilpan, the total coverage aggregating $375,000. Each policy contained a lender loss payable clause, or standard mortgagee clause, naming plaintiff White Rose as loss payee, in providing that losses should be payable in the first instance to White Rose "as lender, mortgagee, or trustee, as interest may appear", and the express provision that the insurance as to the interest of the lender, mortgagee or trustee should not be impaired or invalidated by any act or neglect of the borrower, mortgagor or owner. "[A] mortgagee clause in a standard form policy creates an *independent* insurance of the mortgagee's interest just as if he had received a separate policy from the company but without any inconsistent or repugnant conditions imposed upon the owner and free from invalidation by the latter's 'act or neglect'." (*Syracuse Sav. Bank v Yorkshire Ins. Co.*, 301 NY 403, 407.) After full depositions and disclosure, there is no evidence sufficient to raise an issue of fact to indicate that plaintiff White Rose had any complicity in any suspected arson that may have occurred with respect to this property. Accordingly, plaintiff is entitled to recover on the insurance to the extent of its lien on the damaged property. (See *Grady v Utica Mut. Ins. Co.*, 69 AD2d 668, 674.) Lilpan, along with affiliated companies, had entered into intercorporate guarantees whereby all the companies were jointly and severally liable for the debts to plaintiff White Rose, and Lilpan's security agreement with White Rose covered not only Lilpan's direct indebtedness but also the debts of the affiliated companies. Accordingly, plaintiff's lien on the property damaged by the fire was not limited to the amount of Lilpan's direct debt but also secured the guaranteed indebtedness of the affiliated companies, and plaintiff is entitled to recover on the policy for the full extent of its lien rather than merely to the extent of the direct indebtedness arising out of sales to Lilpan. The total indebtedness secured exceeded the total policy limits here involved. There is a dispute as to the amount of the damage. Defendants concede that the damages are at least $107,185. Although it is clear that the total damage exceeds that figure, we are not satisfied that defendant has conceded, or that the record unequivocally establishes, what the minimum amount of that excess may be. Accordingly, we grant partial summary judgment now for the sum of $107,185, with interest, and leave the determination of the amount of plaintiff's further damages for assessment at a hearing. That Lilpan may have other creditors does not affect defendants' liability on the policy as to White Rose. White Rose is the only lender in whose favor the policies run. Obviously none of the defendants is liable beyond the limits of its particular policy. The policies contain apportionment clauses, which on their

face would seem to require that liability be apportioned among the defendants in proportion to their respective policy limits. Plaintiff claims that interest should run from the date of the fire. We are not clear that the question of the date from which interest shall run has been fully explored in the light of the "When loss payable" clause, at least in lines 150-154 of the New York Property Insurance policy. On the settlement of the order hereon, the parties may make appropriate submissions with respect to the apportionment of the liability and the date from which interest shall run. Settle order. Concur — Murphy, P. J., Sandler, Silverman, Fein and Kassal, JJ.