■ GREATER NEW YORK SAVINGS BANK, Respondent, v JOSEFA SANROMAN, Appellant, et al., Defendants, and IRVIN D. GOODSTEIN, Respondent. [631 NYS2d 73] —In an action to foreclose a mortgage, the defendant Josefa Sanroman appeals from (1) a decision of the Supreme Court, Queens County (Posner, J.), dated February 2, 1994, which determined that the receiver, *inter alia*, was to receive all of the proceeds due under a fire insurance policy covering the property sought to be foreclosed, and (2) an order of the same court, dated March 2, 1994, entered thereon, which, *inter alia*, granted the motion of the receiver for leave to settle his claim against Atlantic Mutual Insurance Company and found that the plaintiff retained an interest in the property and was the proper loss payee.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

A defaulting mortgagor is not entitled to the insurance proceeds of a fire policy on a premises that is maintained, *inter alia*, for the benefit of the mortgagee *(see, Builders Affiliates v North Riv. Ins. Co.,* 91 AD2d 360; *see also, Grady v Utica Mut. Ins. Co.,* 69 AD2d 668). Here, the appellant defaulted on her mortgage payments to the plaintiff and therefore was not entitled to any of the proceeds that were payable under the fire insurance policy.

The Supreme Court properly granted the motion of the receiver for leave to settle his claim against Atlantic Mutual Insurance Company. Mangano, P. J., Thompson, Ritter and Florio, JJ., concur.