■ STAIRWAY CAPITAL MANAGEMENT II L.P., Appellant, v IRON-SHORE SPECIALTY INSURANCE COMPANY, Respondent. [6 NYS3d 230]—

Orders, Supreme Court, New York County (Charles E. Ramos, J.), entered July 30, 2014, and September 29, 2014, which denied plaintiff's motion for summary judgment, unanimously affirmed, without costs.

Plaintiff, as lender and loss payee, is not itself an insured under the policy issued by defendant to the borrower, nonparty Eidos Partners, LLC. Since the Loss Payee Endorsement in the policy does not contain a provision that "the insurance policy shall not be invalidated by any act or neglect of the insured," plaintiff is merely "the designated person to whom the loss is to be paid" (*Wometco Home Theatre v Lumbermens Mut. Cas. Co.*, 97 AD2d 715, 716 [1st Dept 1983], *affd* 62 NY2d 614 [1984]). The endorsement recognizes that as an ordinary loss payee, plaintiff is only entitled to payment of a loss that is due and payable by defendant, and that all the policy terms, including the broad arbitration clause, still apply.

Plaintiff is correct that the Intercreditor Agreement (among plaintiff, defendant, and Eidos) and the insurance policy are contemporaneous documents that must be read together (*see Abed v John Thomas Fin., Inc.*, 107 AD3d 578, 579 [1st Dept 2013]). However, nothing in the agreement changes plaintiff's status under the policy from ordinary loss payee to mortgagee or loss lender payee (*see generally White Rose Food Corp. v New York Prop. Ins. Underwriting Assn.*, 98 AD2d 614 [1st Dept 1983]). The purpose of the Intercreditor Agreement was to reconcile the priority of the liens granted by the borrower to the parties, not to provide a guaranty (which plaintiff was unable to obtain in negotiating the policy) that defendant would pay Eidos's debts to plaintiff regardless of whether there was a covered loss payable to Eidos, in whose shoes plaintiff stands. Nor does the agreement change the fact that the Loss Payee Endorsement expressly defines plaintiff's role under the policy as designated loss payee after the covered loss is determined in arbitration.

In any event, plaintiff is collaterally estopped from relitigating this issue (*see Sun Ins. Co. of N.Y. v Hercules Sec. Unlimited*, 195 AD2d 24, 31-32 [2d Dept 1993]). In granting defend-

ant's motion to compel arbitration, the federal district court rejected plaintiff and Eidos's argument that plaintiff was the real party in interest (citing *Wometco*, 97 AD2d at 716). Concur—Friedman, J.P., Andrias, Saxe, Richter and Gische, JJ.